## LEWIS SAGAL & CO. v. SMITH.

Circuit Court of Appeals, Third Circuit.
October 16, 1929.

No. 4041.

Geo. H. Cohen, of Hartford, Conn., and Sam H. Platcow, of New Haven, Conn. (Joseph Weiner, of counsel), for appellant.

T. Ewing Montgomery, of Philadelphia, Pa., Hutchinson & Hutchinson, of Trenton, N. J., and Reber, Granger & Montgomery, of Philadelphia, Pa., for appellee.

Before WOOLLEY, Circuit Judge, and GIBSON and McVICAR, District Judges.

McVICAR, District Judge. Lewis Sagal & Co., appellant, entered into two written contracts with the Mercer Motors Company, the first was made in October, 1922, and the second in January, 1923. Under these contracts, Sagal & Co. agreed to endeavor to procure for the Mercer Motors Company a reduction in its income tax assessment for the years 1917, 1918, and 1919, and a refund of taxes paid. If Sagal & Co. was successful, it was to receive, as payment for services, 20 per centum of the amount of the assessment reduced, and 33⅓ per centum of refund made.

In July, 1923, and before Sagal & Co. had performed the services stipulated under the aforesaid contract, the Mercer Motors Company was adjudicated a bankrupt, a receiver for its assets was appointed, and later a trustee.

On April 23, 1924, Sagal & Co. filed a preferred claim for services alleged to have been rendered under said contracts in the office of the referee in bankruptcy. This claim was allowed by the referee October 10, 1927, in the sum of $17,571. The referee's findings were certified to the District Court of the United States for the District of New Jersey. That court, on January 8, 1929, reversed the findings of the referee, and disallowed the claim of appellant. From that order this appeal is taken.

Appellant seeks a reversal on the ground that the lower court erred in finding that the trustee of the Mercer Motors Company had not affirmed the contracts aforesaid, and that the appellant had not rendered the services provided for therein.

We have read all the evidence bearing on those points, called to our attention by counsel on both sides. To recite the same would unduly lengthen this opinion. We are of the opinion that the evidence strongly preponderates in favor of the findings of the court below. The evidence in behalf of the court's findings is so clear and strong as to bring this case within the exception of the rule as set forth by this court in the case of Walter v. Atha, 262 F. 75, 77 (C. C. A. 3d Circuit), wherein it is stated:

"A finding of fact by a Referee, based on conflicting evidence and involving questions of credibility" should not be disturbed "unless there is cogent evidence of mistake."

It should be noted also that the referee in this case did not make clear and specific findings of fact.

The contracts between appellant and the motors company were contracts of agency. Such contracts are revoked by adjudication in bankruptcy of the principal. In re Columbia Shoe Co., 289 F. 465 (C. C. A. 2d).

The order of the District Court is affirmed.