## HART v. FEELY.

### Civ. No. 4160.

United States District Court
M. D. Pennsylvania.

Jan. 6, 1953.

the answer must be on oath of an officer thereof."

Conlen, LaBrum & Beechwood, Philadelphia, Pa., Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for plaintiff.

Robert C. Fluhrer, York, Pa., for defendant.

FOLLMER, District Judge.

The complaint in this action, which was filed November 7, 1951, alleges, inter alia:

1. That plaintiff is a citizen of the State of New York, and the defendant a citizen of the State of Pennsylvania.

2. That Joseph Alan Feely is presently residing in Philadelphia, Pennsylvania, and was President of the Keystone Roofing Manufacturing Company and the owner of 95% of the stock of said corporation until July 3, 1951.

3. That by writing dated July 1, 1951, Joseph Alan Feely appointed plaintiff, Mildred F. Hart and the defendant, Stephen Alan Feely, his true and lawful attorneys in accord with Exhibit "A" attached to the complaint, and which plaintiff alleged was a true and correct copy of the said Power of Attorney.

4. That on or about July 3, 1951, defendant, in violation of the authority contained in said Power of Attorney and in violation of plaintiff's rights, unlawfully transferred to himself all of the shares of stock of Keystone Roofing Manufacturing Company and appropriated to himself all of its assets, thereby defrauding plaintiff of her rights.

5. That plaintiff has demanded that defendant turn over to her the certificates of stock and defendant has refused to deliver same.

6. That defendant is mismanaging the affairs of the said Keystone Roofing Manufacturing Company and dissipating its assets, which will result in great financial loss.

Plaintiff prays that the transfer of said shares be decreed invalid; that all of said shares of stock be delivered to plaintiff individually or as Attorney for Joseph Alan Feely; that damages be awarded and an accounting had.

Defendant has filed a motion to dismiss the complaint for failure to state a claim and for lack of jurisdiction, assigning, inter alia, the following reasons:

1. Plaintiff is not a legal heir, guardian or creditor of Joseph Alan Feely; she alleges no claim in her own right; she bases her claim on her appointment as one of the attorneys to act on behalf of Joseph Alan Feely, an individual citizen of Pennsylvania; and that the owner of the property, Joseph Alan Feely, and the defendant, Stephen Alan Feely, both being citizens of Pennsylvania, this court is without jurisdiction.

2. That on September 17, 1951, fifty-one days before the date of the filing of the complaint in the instant case, to wit, November 7, 1951, the Court of Common Pleas of York County, Pennsylvania, upon petition presented by John F. Feely and Irene M. Wright, brother and sister of Joseph Alan Feely, adjudicated Joseph Alan Feely to be unable to take care of his property and in consequence thereof liable to dissipate or lose the same and to become a victim of designing persons, and appointed York Trust Company of York, Pennsylvania, his guardian.[1]

3. That if plaintiff, Mildred F. Hart, had any interest or rights under said Power of Attorney, same were cancelled and terminated on September 17, 1951, the date of the appointment of the guardian.

4. That any action to be brought concerning the property of the ward must be brought in the name of and by the guardian, York Trust Company, whose legal residence is York, Pennsylvania.

5. That York Trust Company, as said guardian, is an indispensable party but is not joined and did not institute the action.

The court is of the opinion that the motion should be allowed.

[1]. Certified copy of the petition for the adjudication of Joseph A. Feely to be unable to take care of his property and for the appointment of a guardian for his estate, together with the order made thereon, and all proceedings in connection therewith, including the filing and approval of Bond of York Trust Company of York, Pennsylvania, the appointed guardian, was made a part of the record of the case.

Plaintiff bases her complaint as one of the two attorneys in fact (the other being the defendant) named by Joseph Alan Feely to act for him under the Power of Attorney dated July 1, 1951. The Power of Attorney is not irrevocable nor is it coupled with an interest. The action of the Court of Common Pleas of York County, Pennsylvania, on September 17, 1951, having jurisdiction in the premises under the Act of May 28, 1907, P.L. 292, and the amendments thereto, declaring Joseph Alan Feely to be an incompetent and unable to take care of his property, operated as a complete revocation of the powers granted under the Letter of Attorney.[2] The effect of this decree appointing York Trust Company of York, Pennsylvania, Guardian of the Estate of the said Joseph Alan Feely, a person of weak mind, was that the guardian became a bailiff of the Court, the weak minded person became its ward, and his estate was in custodia legis,[3] it was the same as that of a decree appointing a Committee of a lunatic.[4]

The responsibility, therefore, for the protection and maintenance of the property rights of the said ward, was that of the guardian, and it is not only the guardian's right but its duty to institute and prosecute any litigation necessary for those purposes and which is justified by the exercise of reasonable discretion and judgment.[5]

Section 401 of the Incompetents' Estate Act of 1951, 50 P.S. § 1781, effective January 1, 1952, provides as follows:

"The guardian of the estate of an incompetent, until it is distributed or sold, shall have the right to, and shall take possession of, maintain and administer each real and personal asset of the incompetent, collect the rents and income from it, and make all reasonable expenditures necessary to preserve it. He shall also have the right to maintain or defend any action with respect to such real or personal property of the incompetent."

Under the provisions of Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C., defendant has properly exercised his option to raise the defense of failure to join an indispensable party by motion to dismiss. An indispensable party has been defined as "one who has such an interest in the subject-matter of the controversy that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience."[6]

Measured by that test, York Trust Company, Guardian of the Estate of Joseph Alan Feely, an incompetent, is an indispensable party. Its presence is required in order that the court may make an adjudication equitable to all persons involved. The concept of indispensability has therefore, in this case, a direct bearing on the jurisdiction of the court.[7] I therefore conclude that the York Trust Company, Guardian, is an indispensable party, and it is also evident that it is a resident of the same state as defendant, and cannot be brought in without ousting the jurisdiction of the court.

The motion of defendant must be sustained and the cause dismissed, and it will be so ordered.

2. Clark Car Co. of New Jersey v. Clark, D.C.W.D.Pa., 11 F.2d 814, 819; 2 C.J. S.,Agency, § 88; Gertison v. Hull, 64 Pa. Dist. & Co. 192.

3. In re Columbia Shoe Co., 2 Cir., 289 F. 465, 467. Cited with approval in Lewis Sagal & Co. v. Smith, 3 Cir., 35 F.2d 182.

4. In re Weightman's Estate, 1937, 126 Pa. Super. 221, at page 226, 190 A. 552.

5. 13 Standard Pennsylvania Practice, Chapter 62, § 56, page 255.

6. Dunham v. Robertson, 10 Cir., 198 F.2d 316, 318; Shields v. Barrow, 17 How. 129, 58 U.S. 129, 15 L.Ed. 158; Commonwealth Trust Co. v. Smith, 9 Cir., 266 U.S. 152, 159, 45 S.Ct. 26, 69 L. Ed. 219.

7. Moore's Federal Practice, Second Edition, Vol. 3, Par. 19.05(2).