**In the Matter of CRANE SHEET METAL WORKS, INC., Bankrupt.**

**No. 9865.**

United States District Court
N. D. Alabama, E. D.
Feb. 23, 1967.

John P. Adams, Bradley, Arant, Rose & White, Birmingham, Ala., for petitioner.

T. M. Conway, Jr., Rives, Peterson, Pettus & Conway, Birmingham, Ala., for Employers Ins. Co. of Alabama.

Guy Sparks, Anniston, Ala., for trustee.

James Hubbard, Anniston, Ala., for bankrupt.

ALLGOOD, District Judge.

This matter coming before the Court on Certificate of the Referee on the Review by Southern Management Corporation of Delaware of the Referee's Order of December 15, 1966, in which Order the Referee held in favor of the Trustee and against Southern Management Corporation of Delaware on its claim to some unearned insurance premiums due from Employers Insurance Company of Alabama.

It appears that during January, 1966, Southern Management Corporation of Delaware, hereinafter referred to as the Petitioner, and the Bankrupt entered into two "premium finance agreements". Under the terms of said agreement, the petitioner agreed to pay, and did pay, to Employers Insurance Company of Alabama, hereinafter referred to as Insurance Company, a sum of money being the balance of the annual premium then due on said insurance policies issued to the Bankrupt. The Bankrupt agreed to pay back to Petitioner said sum, with

service charge added, in ten monthly payments. The agreement contained, among other things, the following:

" * * * The insured(s) agrees, in the event of a default in the payment of any installment due hereunder, the unpaid balance due shall be immediately due and payable and Easy-Way or Bearer may request cancellation of the insurance policies listed above. The insured(s) hereby irrevocably appoints Easy-Way or Bearer as his or her attorney-in-fact with full authority to cancel the said policies and receive all unearned and return premiums thereon as shall be required to pay the balance due Easy-Way."

Each agreement indicates that "Easy-Way" is a division of the Petitioner. The Petitioner filed a copy of the agreements with the Insurance Company shortly after they were executed.

The Bankrupt is a corporation and filed its voluntary petition in this Court on May 18, 1966, and was a corporation at the time the foregoing agreements were made.

The Referee finds that two of the three insurance policies involved were canceled by the Trustee and that the third policy was canceled by the Trustee or the Petitioner.

The Insurance Company admitted an indebtedness for the unearned premium and offered to pay it to either the Trustee or the Petitioner as decided by the Court. The Referee decided the controversy in favor of the Trustee and the Insurance Company has paid the unearned premiums to the Trustee in compliance with the Referee's Order of December 15, 1966.

■ The issue presented to the Court is whether the premium finance transaction and the power of attorney given to the Petitioner gave Petitioner a lien or some right which survived the bankruptcy. The Petitioner, by its brief filed in this proceeding, argues that it either has an equitable assignment of the unearned premium or, by the agreement, an equitable lien was created. To this the Court cannot agree.

At the time of the filing of the Petition in Bankruptcy, Petitioner did not have possession of the money in controversy nor the three insurance policies, so we next inquire: (1) whether the Petitioner had title thereto, and (2) whether its claim is colorable. In the agreements made in January, 1966, there is no language of the kind familiarly used in transferring rights in property. Such an agreement did not assign the unearned premiums to the Petitioner nor transfer title thereto. It was nothing more, at best, than an agreement whereby Petitioner could cancel the insurance policies and get the refund of the unearned premiums. No one could seriously urge that, by virtue of the agreement, that the Petitioner could have maintained an action for conversion against Crane Sheet Metal Works, Inc., in event of breach.

■ The power of attorney added nothing to the title; if anything, it denied title. It only permitted Petitioner to act as attorney-in-fact for Crane Sheet Metal Works, Inc., so as to enable it to cancel the insurance policies and get the return of the unearned premiums. This power of attorney was not a power coupled with an interest.

■ When the petition was filed, the property of the Bankrupt was at once in *custodia legis,* and the power of attorney was revoked by operation of law. Petitioner, therefore, had no power or right to interfere with the Bankruptcy Court by taking any property, actually or constructively in possession of the Bankruptcy Court. In Re Columbia Shoe Company, 2 Cir., 289 F. 465; Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405; Lazarus, Michel & Lazarus v. Prentice, 234 U.S. 263, 34 S.Ct. 851, 58 L.Ed. 1305; Lewis Sagal & Co. v. Smith, 3 Cir., 35 F.2d 182.

In this case, the situation as to revocation of the Power of Attorney would, of course, have been different, if Petitioner had had title, an assignment or a lien on the unearned premium.

The Court finds that the Petitioner did not have a power coupled with an interest and did not have an equitable assignment or an equitable lien on the unearned premiums in the hands of Employers Insurance Company of Alabama and, accordingly, that the Order of the Referee should be affirmed, an′.

It is accordingly ordered, adjudged and decreed that the Petition for Review is dismissed and the Order of the Referee of December 15, 1966, is affirmed.