**In re UNIVERSAL MOTOR EXPRESS, INC., a Georgia Corporation, ID # 58–1517501, Debtor.**

**Bankruptcy No. C–B–86–00776.**

United States Bankruptcy Court,
W.D. North Carolina,
Charlotte Division.

Jan. 7, 1987.

Langdon M. Cooper, Gastonia, N.C., for debtor.

R. Keith Johnson, Charlotte, N.C., for TIFCO.

## ORDER

MARVIN R. WOOTEN, Bankruptcy Judge.

THIS MATTER coming before the Court on Motion of TIFCO, Inc. ("TIFCO") for Relief from Stay pursuant to 11 U.S.C. § 362; and the Debtor being present and represented by its attorney, Langdon M. Cooper, and TIFCO being present and represented by its attorney, R. Keith Johnson, the Court does hereby find and conclude as follows:

### FACTS:

Universal Motor Express, Inc. (the "Debtor") did on July 28, 1986, file a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, and currently is serving as Debtor-in-Possession. On December 28, 1986, TIFCO filed a Motion for Relief from Stay. Debtor objected to TIFCO'S Motion for Relief from Stay by Answer filed November 28, 1986. A preliminary hearing was held by the Court on December 1, 1986, resulting in an order for briefs to be filed on the Motion.

Prior to the filing of the Petition, TIFCO and the Debtor entered into an insurance premium finance agreement. Under that agreement, TIFCO advanced funds for the purchase of an insurance policy in favor of the Debtor, and in exchange the Debtor promised to pay installment payments to TIFCO to repay the amounts advanced. Furthermore, the agreement purported to grant TIFCO the power of attorney to cancel the policies upon default in any of the installment payments. Subsequent to the filing of the bankruptcy proceeding, the Debtor has made no payments pursuant to the premium finance agreement. TIFCO has requested relief from the automatic stay so that it may proceed to cancel the insurance policies and to apply any unearned premiums to the amount due TIFCO.

## DISCUSSION:

■ The Court must first determine the postpetition enforceability of the power of attorney granted TIFCO. The Debtor argues that because no notice of cancellation was ever given by TIFCO as required by N.C.Gen.Stat. § 58–60, TIFCO was never appointed as Debtor's attorney-in-fact. The Debtor also asserts that even if notice had been sent to the Debtor, the Power of Attorney would be ineffective as a post-petition transfer. While contracts of agency are revoked upon bankruptcy, an irrevocable power of attorney is not made unenforceable in bankruptcy if coupled with an interest in the subject property superior to that of the trustee in bankruptcy. *In re Crane,* 265 F.Supp. 124, 125 (D.Ala., 1967); *Thico Plan, Inc. v. Maplewood Poultry Company,* 2 B.R. 550, 553 (Bkrtcy.Me. 1980). A duly perfected security interest in specific property of the Debtor is enforceable against the debtor in possession. *See generally* 4B *Collier on Bankruptcy* ¶ 70.51 (14th Ed. 1967) at 617. Therefore, the power to cancel these insurance policies remains exercisable in Chapter 11 as a means of enforcing any duly perfected security interest TIFCO had in unearned premiums. A security interest in unearned premiums would be worthless without the means to recover premiums, which can only be recovered upon cancellation of the policy.

■ Section 25–9–104(g) of the North Carolina General Statutes excludes from Article 9 coverage "a transfer of an interest in or claim in or under any policy of insurance ..." There is no reported case law in North Carolina construing the exclusionary language of section 25–9–104 in reference to a security interest in unearned insurance premiums. However, the breadth of the exclusion, the comments by the draftsmen of the Uniform Commercial Code, and case law from other jurisdictions convince the Court that Article 9 does not apply to a secured transaction in which the collateral consists of unearned insurance premiums. *See, e.g., Drabkin v. A.I. Credit Corporation,* 9 B.R. 159 (Bkrtcy.D.C. 1981); *Premium Financing Specialists,* *Inc. v. Lindsey,* 11 B.R. 135 (Ark.1981); *In re Air Vermont, Inc.,* 40 B.R. 335 (Bkrtcy. Vt.1984).

■ The North Carolina Insurance Premium Financing Act, N.C.Gen.Stat. § 58–55 *et seq.,* governs secured transactions involving premium finance agreements. Under North Carolina law, there is no requirement that any right to unearned premiums in a premium financing agreement must be perfected in any manner. Since the purpose of any filing is to give notice to other potential creditors, there is no need for notice of a premium finance agreement as the debtor cannot assign its unearned premiums to any other parties. In fact, Section 58–57.3 of the North Carolina General Statutes provides that if the premium finance company assigns the right to the unearned premiums to one of its creditors, no filing is necessary to the assignment. Thus, if no filing is necessary for the validity of a subsequent assignment by the premium finance company, it logically follows that no filing would be necessary for the validity of the initial assignment, possession of the documents themselves being all that is required.

■ The Debtor further contends that TIFCO has no standing to request relief from stay because TIFCO alledgedly has subordinated its security interest in the unearned premiums to the interest of the debtor-in-possession and/or to the interest of other creditors with protected security interest in the unearned premiums. The Debtor relies on language printed on the reverse side of the premium finance agreement, which states:

> In order to secure the full and prompt payment of the Total of Payments Insured hereby assigns to TIFCO all unearned and return premiums which may become payable under said policies which reduce the unearned premiums, subject, however, to any mortgagee or loss payee interests.

The Court is of the opinion that the exception to "mortgagee or loss payee interests"

refers to real property security, and that therefore the exception is not applicable to the Debtor or to Transportation Factoring, a creditor with a recorded security interest in general intangibles.

Lastly, the Debtor argues that TIFCO should not be granted relief from stay as the insurance policies underlying the premium finance agreement are necessary for the effective reorganization of the debtor. Be that as it may, the Court may not continue the stay as against a secured creditor where that creditor's property is not adequately protected. 11 U.S.C. § 362(d)(1). The Bankruptcy Code requires a showing of cause by the party requesting relief under section 362(d)(1) and then section 362(g) places the burden of proof on the party opposing relief for all issues other than that of "the debtor's equity in property". TIFCO has shown that the last payments received were on July 2, 1986, and that their collateral decreases daily as the insurance coverage remains in effect. The debtor, however, has attempted to meet its burden of proof with mere possibilities of adequate protection. In paragraph 4 of the Debtor's Answer and Objection to TIFCO, Inc.'s Motion for Relief from Stay, the Debtor states:

> 4. The Debtor, thus far to no avail, has been attempting to have the insurers' agent re-work the applicable insurance coverage to reflect its reduced requirements, and to establish an effective post-petition premium, so the Debtor can begin making weekly payments thereon.

Furthermore, on page 3 of the Debtor's Brief in Opposition to TIFCO's Motion for Relief from Stay, the Debtor asserts that "[a]fter adjustments are made to reflect the reduced coverage, the down payment and monthly payments received will *more than likely* equal any amounts due ..., which would make adequate protection unnecessary ..." (emphasis added).

The Court is of the opinion that the Debtor's evidence of adequate protection lacks the concreteness which is required in order to continue the automatic stay.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Relief from Stay is GRANTED.