**In re Terry Curtis COOPER and Sandra Lynn Cooper, Debtors.**

**No. 88–20322.**

United States Bankruptcy Court, S.D. West Virginia.

Sept. 15, 1989.

Fred D. Clark, Charleston, W.Va., for GMAC.

Andrew S. Nason, Charleston, W.Va., for debtors.

MEMORANDUM ORDER GRANTING TO GENERAL MOTOR ACCEPTANCE CORPORATION ENTITLEMENT TO RETAIN REBATED UNEARNED INSURANCE PREMIUM

RONALD G. PEARSON, Bankruptcy Judge.

Issues before the Court are whether a security agreement grants a security interest in unearned insurance premiums sufficient to defend against the claim of a trustee in bankruptcy, and whether a premium financier may compel cancellation of an insurance policy to recover its collateral.

In 1985 Terry Cooper, Debtor, purchased a 1985 Chevrolet automobile. The car, with credit life insurance premiums, disability insurance premiums, mechanical warranty insurance premiums and other miscellaneous costs related to the purchase, was financed by General Motors Acceptance Corporation [GMAC]. The installment sales/security agreement, signed by Terry Cooper and assigned by the car dealership to GMAC, grants a security interest in the vehicle and further states, under the heading of "Security Interests," "The security interest also covers insurance premiums and charges for service contracts re-

turned to the creditor...." Under the heading "Optional Insurance or Service Contracts," the agreement states "If the vehicle is repossessed, you agree that the creditor may claim benefits under these contracts and terminate them to obtain refunds for unearned charges."

The Debtors filed a petition in 1988 for protection under Chapter 13 of the Bankruptcy Code and submitted a plan that did not reject the insurance contracts. Payments for the value of the car were to be paid under the plan. Payments for the value of unearned insurance premiums were not provided in the plan, nor were the unearned premiums listed as assets or liabilities on the Debtors' schedules.

GMAC filed a proof of claim listing a secured claim for $6,593.76, the total amount outstanding on the installment sales contract. GMAC subsequently moved that the Court direct the Debtors to reject the executory insurance contracts or provide in their plan for payment of the value of the unearned insurance premiums. The parties agree to the value of the secured claim. The confirmed plan is to pay GMAC a total of $6,170.40, representing a secured value of $4,840 plus interest. By agreement of the parties, the policies were cancelled and the unearned premiums have been held by GMAC while the Court decides GMAC's entitlement to offset the unearned premiums against GMAC's remaining claim. The Court also took under advisement the issue regarding a premium financier's right to force a debtor to accept or reject an insurance contract purchased with funds advanced by the creditor on behalf of the debtor under an installment contract.

■ A purchase money security interest may be created in unearned insurance premiums. *In re RBS Industries, Inc.,* 67 B.R. 946, 949 (Bankr.D.Conn.1986), *citing In re Duke Roofing Co.,* 47 B.R. 990, 994 (E.D.Mich.1985); *In re Air Vermont, Inc.,* 40 B.R. 335, 337 (Bankr.D.Vt.1984); *Premium Financing Specialists, Inc. v. Lindsey,* 11 B.R. 135, 138 (E.D.Ark.1981); *In re Auto Train Corp.,* 9 B.R. 159, 164–65 (Bankr.D.C.1981); *In re Mapleweed Poul-*

*try Co.,* 2 B.R. 550, 554 (Bankr.D.Me.1980); *In re Krimbel Trucking Co., Inc.,* 3 B.R. 4, 6 (Bankr.W.D.Wash 1979); *In re Redfeather Fast Freight, Inc.,* 1 B.R. 446, 450 (Bankr.D.Neb.1979).

■ West Virginia's Uniform Commercial Code does not apply to security interests in unearned insurance premiums. W.Va.Code § 46–9–104(g) (Cum.Supp.1989). *See also In re Universal Motor Exp., Inc.,* 72 B.R. 208 (Bankr.W.D.N.C.1987); *RBS Industries,* 67 B.R. 946; *Duke Roofing,* 47 B.R. 990; *Lindsey,* 11 B.R. 135. The Court finds no provision in West Virginia law, other than § 46–9–104(g), governing perfection of security interests in insurance premiums. In the absence of additional perfection requirements, GMAC's security interest became enforceable at the time it was created.

The Fifth Circuit described premium financing as follows:

Premium financing involves an advance by the finance company to the insurance company or its agent of the premium due for the full term of the policy. This advance is then repaid by the insured to the finance company in amortized monthly installments which includes an additional amount to cover financing charges. The finance company is secured in making this advance by obtaining the right to cancel the policy and to receive the return premium due upon cancellation if timely repayments are not made.

*Baker & Co. v. Preferred Risk Mut. Ins. Co.,* 569 F.2d 1347, 1348 (5th Cir.1978).

The unearned insurance premiums were established, and the security interest in those premiums attached, when GMAC made full payment of the premiums. Because the unearned premiums existed prior to the filing of Debtors' bankruptcy petition, the premiums are not after-acquired property subject to § 552(a) of the Bankruptcy Code. Cancellation of the policies does not create the unearned premiums, but is only a condition precedent to the premium financier's obtaining recourse to the collateral securing its loan. *RBS Industries, Inc.,* 67 B.R. 946; *In re Repeating Arms Co.,* 67 B.R. 990 (Bankr.D.Conn.

1986). The Debtor cannot now argue that GMAC should be denied its contractual right to its collateral.

■ This Court holds that subject to the stay imposed by § 362 of the Bankruptcy Code, a premium financier who holds a security interest in unearned insurance premiums is entitled to have the part of its claim in bankruptcy related to the unearned premiums treated as secured, and is entitled to have payment for the unearned premium provided for by the Debtor's plan or, in the alternative, is entitled to relief from the Court, subject to equitable considerations, to require return of the unearned premiums to the premium financier. It is therefore

ORDERED that General Motors Acceptance Corporation is entitled to retain the rebated unearned insurance premium in the amount of $130.26 plus accrued interest. General Motors Acceptance Corporation must apply the unearned insurance premium above to its outstanding claim, thus reducing the unsecured portion to receive pro rata payment.