### In re WMR ENTERPRISES, INC., Debtor.

**Bankruptcy No. 92–00324.**

U.S. Bankruptcy Court, N.D. Florida, Gainesville Division.

Jan. 10, 1994.

Louis L. Long, Jr., Tallahassee, FL, for movant.

Lisa Cohen, Gainesville, FL, for debtor.

John E. Venn, Jr., Gulf Breeze, FL, Trustee.

## ORDER ON MOTION FOR ADEQUATE PROTECTION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the court on the motion of Premium Service Corporation of Columbia (PSC) for adequate protection of its interest in unearned insurance premiums being held by the debtor's insurance agent, Poe and Associates, in the amount of $6,317.00. The trustee, John Venn, opposes the motion.

This case was filed under chapter 11 of the Bankruptcy Code on July 28, 1992 and a Plan of Reorganization filed by the trustee, John Venn was confirmed by this court on August 3, 1993. On or about June 1, 1992, PSC entered into an insurance premium finance agreement with the debtor. The amount financed was $25,534.40. Pursuant to the agreement, PSC financed three different insurance policies including an auto policy, a fire policy, and an umbrella policy, with expiration dates of March 17, 1993, April 17, 1993, and May 7, 1993, respectively. The agreement called for monthly payments in the amount of $3,330.98. The debtor defaulted in its payments after the filing of its petition under chapter 11 and it owes the sum of $3,255.98 to PSC.

PSC was not listed as a creditor in the debtor's schedules and PSC did not receive any notice of the bankruptcy filing. Upon the debtor's default in payment, PSC, pursuant to an irrevocable power of attorney contained in the premium finance agreement, canceled the policies effective December 31, 1992. Thereafter, the insurer, South Carolina Insurance Company credited a premium refund to the debtor's agent Poe and Associates in the amount of $6,317 representing unearned premiums on the canceled policies. The cancellation of the policies occurred without PSC first seeking or obtaining relief from the stay of 11 U.S.C. § 362(a). However, it is uncontroverted that PSC had no knowledge of the pendency of the chapter 11 case when it took the action.

PSC, in its motion, asserts that it has an interest in the unearned premiums being

886

held by the debtor's agent pursuant to Florida Statute 627.848(6) which provides that:

> (6) Whenever an insurance contract is canceled in accordance with this section, the insurer shall promptly return the unpaid balance due under the finance contract up to the gross amount available upon the cancellation of the policy to the premium finance company and any remaining unearned premium to the agent or the insured, or both, for the benefit of the insured or insureds.

It is this interest which PSC seeks protection of in the form of either payment to it of the balance due from the premium refund or payment by the debtor of the balance due, with the premium refund then going back to the insurance company and the policies being reinstated.

■ The trustee takes the position that the cancellation of the policies without first obtaining relief from the stay was void and that the policies should be reinstated as of the date of the cancellation. He further asserts that since the terms of the policies have all expired without a valid cancellation, the entire premium has been earned and should be applied by the insurer upon return of the refund. Since the entire premium has been earned, argues the trustee, there is nothing to secure the claim of PSC and it is not entitled to adequate protection. The trustee seeks the retroactive reinstatement of the policies due to fact that it has two claims to assert against the policies which accrued after their cancellation by PSC. In effect, then, the trustee wants to get the full benefit of the policies without paying for them. He justifies this position with the argument that PSC violated the automatic stay when it canceled the policies and that PSC should not profit from its wrongdoing.

■ It is generally true that acts taken in violation of the stay are void and of no effect. *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984). Furthermore, insurance policies are property of the estate and their cancellation is prohibited by the automatic stay of § 362(a) of the Bankruptcy Code. *In re Big Squaw Mountain Corp.,* 122 B.R. 831 (Bankr.D.Me.1990); *Matter of Gulf Tampa Drydock Co.,* 49 B.R. 154, 157 (Bankr.M.D.Fla.1985). This, however, does not necessarily mean that PSC is without remedy.

Had PSC, undoubtedly a creditor of this estate, been properly listed and notified of the filing of this case, it would have been in a position, upon default in the payments to it by the debtor, to seek either relief from the stay or adequate protection at the time of the default. The security for PSC's claim was the right to cancel the policies at the time of default and to receive a refund of the unearned premiums. *In re Cooper,* 104 B.R. 774 (Bankr.S.D.Va.1989). Had PSC had timely notice of this case and been able to file its appropriate motion, it would have been entitled to either cancel the policies and collect its claim from the unearned premiums or receive payments due from the debtor (or trustee). The debtor's failure to put PSC on notice of its case is the reason that PSC acted without obtaining relief from the stay, not any wrongdoing on the part of PSC.

■ While it is true, as we have noted, that acts taken in violation of the stay are generally void, the provisions of § 362(d) grants the bankruptcy courts the power to annul the automatic stay in addition to terminating or modifying it. *Albany Partners,* 749 F.2d at 675. The effect of an annulment of the automatic stay is to retroactively terminate the automatic stay so as to validate actions which may have been taken in violation of the stay. The important policies behind the automatic stay require that courts be hesitant to annul the stay. *Id.* In this case, however, I find that the equities of the case require that the stay be annulled in order to prevent a miscarriage of justice. Absent this relief, the debtor's estate stands to reap a windfall at the expense of the creditor as a result of the debtor's own failure to follow the requirements of the Bankruptcy Code that all creditors be given notice of the filing. PSC acted in good faith when it exercised its contractual rights and it should not stand to suffer the loss based on the debtor's failures.

Based on the forgoing, PSC shall be granted the relief it would have been entitled to had it had sufficient notice to enable it to

come before the court at the time of the default in payments by the debtor. The reorganized debtor may pay to PSC the balance owed under the premium finance agreement of $3255.98 plus $651.28 in attorney's fees as provided in the contract within twenty (20) days from the entry of this order at which time the cancellation of the policies will be deemed void and the policies shall be reinstated as of December 31, 1993. If the payment as set forth above is not received by PSC or its counsel within the twenty days provided for, then the automatic stay shall be annulled and PSC shall be entitled to exercise its rights under Florida law with respect to the unearned premiums and the cancellation of the policies shall be validated.

IT IS SO ORDERED.

DONE AND ORDERED.