**RALPH ROGERS & COMPANY,**
Inc., Appellant,

v.

**RECONSTRUCTION FINANCE CORPORATION,** Appellee.

**RECONSTRUCTION FINANCE CORPORATION,** Appellant,

v.

**CUMBERLAND PORTLAND CEMENT COMPANY,** Appellee.

Nos. 12594, 12595.

United States Court of Appeals
Sixth Circuit.

April 12, 1956.

Hugh C. Gracey, Nashville, Tenn., Gracey, Steele & Buck, Nashville, Tenn., on brief, for Ralph Rogers & Co.

A. Fred Rebman, III, Chattanooga, Tenn., W. D. Spears, Spears, Reynolds, Moore & Rebman, Chattanooga, Tenn., on brief, for Cumberland Portland Cement Co.

Roy A. Miles, Nashville, Tenn., Miles, Butler, Corbitt & McCall, Nashville, Tenn., on brief, for Reconstruction Finance Corp.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This action was filed by the appellee, Cumberland Portland Cement Company, hereinafter called Cumberland, to recover the sum of $14,767.23 for cement sold and delivered by it to the Tullahoma Continuous Mix Company, hereinafter referred to as Mix Company, between May 11, 1951 and July 23, 1951. The Mix Company on August 28, 1951 had filed a petition in bankruptcy. This action was directed against the appellant, Reconstruction Finance Corporation, hereinafter called R. F. C., on the theory that the R. F. C. in its servicing of a $70,000 loan which it made to the Mix Company, promised the appellee in writing that it would pay for the shipments above referred to out of funds received by it under contracts which the Mix Company had assigned to it as security for the loan. An intervening petition was filed by the appellant Ralph Rogers & Company, hereinafter called Rogers, seeking a recovery of $13,897.37 for materials sold and delivered by it to the Mix Company from May 31, 1951 through August 1, 1951, claiming that the R. F. C. promised to pay for these shipments out of the funds coming to it from the assigned contracts.

The R. F. C. received through payments under the assigned contracts $55,-656.65, which was more than sufficient to pay the Cumberland claim of some $26,-656.86 in full. However, it actually paid Cumberland only about $11,889.63. When this action was filed to collect the unpaid balance there was in the hands of the R. F. C. assigned funds in the amount of $12,234.91. In view of the claims of both Cumberland and Rogers to this balance, the R. F. C. paid it into court and asked that the creditors be required to interplead their respective claims. The Trustee in Bankruptcy also filed an intervening petition asserting rights to the fund in court and seeking recovery of payments made to the creditors of the Mix Company, claimed by him to be preferential payments.

The District Judge carefully analyzed in his opinion the transactions between the parties and the rights and obligations arising therefrom. D.C., 140 F. Supp. 739. He held that the R.F.C. made a positive and unequivocal obligation to pay the claim of Cumberland out of the funds assigned to it and that ample funds became available to it for this purpose; that the transaction between the Mix Company, the R. F. C., and the Cumberland Portland Cement Company created an equitable assignment of the funds coming to the R. F. C. for the benefit of Cumberland; that the R. F. C. did not guarantee to Rogers that its shipments would be paid for out of the assigned funds, but merely expressed its good faith opinion that the assigned funds would be sufficient to pay for shipments if they were delivered; that the Rogers claim was inferior to the lien claim of Cumberland; that there was no evidence that these creditors knew that the Mix Company was insolvent or had reasonable ground

to believe it insolvent, and that the payments to them were not preferential. Judgment was entered that Cumberland recover of the R. F. C. $14,767.23; that the funds in court be applied to the payment of the judgment; and that the intervening petitions of Rogers and the Trustee in Bankruptcy be dismissed. Rogers and the R. F. C. filed their respective appeals from the adverse judgment, which have been heard together.

 With respect to the claim of Cumberland, the uncontradicted evidence shows that for each shipment for which recovery herein is sought the R. F. C. sent a telegram to Cumberland specifically agreeing to pay therefor out of the assigned funds if the shipment was made. The finding of the District Judge that the R. F. C. received funds of the Mix Company in sufficient amount to pay for the shipments and that it failed to perform its obligation to do so, are, in our opinion, fully supported by the evidence and should not be set aside on this review. We agree with the ruling of the District Judge that the contract between the R. F. C., acting under authority from the Mix Company, and Cumberland created an equitable lien against the assigned funds in its hands in favor of Cumberland, superior to the claim of Rogers. Milam v. Milam, 138 Tenn. 686, 692, 200 S.W. 826; Hunt v. Curry, 153 Tenn. 11, 23, 282 S.W. 201; Ingersoll v. Coram, 211 U.S. 335, 368, 29 S.Ct. 92, 53 L.Ed. 208.

With respect to the claim of Rogers, the District Judge found that the R. F. C. believed, until the latter part of July, that the Mix Company would be able to pay its creditors in full and in good faith with no intent to deceive so advised Rogers; that in reliance on this information Rogers continued deliveries; that Rogers understood that the R. F. C. was only expressing its opinion and was not making any commitment thereabout; that Rogers neither requested nor obtained any written obligation from the R. F. C. and obtained nothing from the Mix Company that would amount to an assignment or lien on the funds in R. F.

C.'s hands; and that Rogers' reliance upon the optimism of the R. F. C. was unfortunate but was not ground for legal liability. In our opinion, these factual findings are not clearly erroneous and sustain the ruling of the District Judge.

We also concur in the finding and ruling of the District Judge with respect to the claim of the Trustee in Bankruptcy. Voltz v. Treadway & Marlatt, 6 Cir., 59 F.2d 643.

The judgment is affirmed.