**In re EXPRESSCO, INC., Debtor.**

**Bankruptcy No. 388–06660.**

United States Bankruptcy Court,
M.D. Tennessee.

May 17, 1989.

Michael Gigandet, Ortale, Kelley, Herbert & Crawford, Nashville, Tenn., for Cananwill Consumer Discount Co.

William Caldwell Hancock, Nashville, Tenn., for debtor.

## ORDER

GEORGE C. PAINE, II, Chief Judge.

This is a final hearing on a motion for relief from the stay. The following constitute findings of fact and conclusions of law. Fed.R.Bankr.P. 9014, 7052.

The movant, Cananwill Consumer Discount Company entered into an insurance premium financing agreement with the debtor, Expressco. Under the agreement Cananwill lent Expressco funds to pay the premium for an insurance policy. Expressco was to repay Cananwill in monthly installments with interest. The financing agreement appointed Cananwill as Expressco's attorney in fact to cancel the policy if and when Expressco failed to make its monthly payments. Also, under the agree-

ment Expressco assigned to Cananwill, "as security for the total amount payable hereunder any and all unearned premiums and dividends which may become payable under the policies listed in the above schedule."

The debtor has defaulted on the financing agreement. Cananwill now seeks relief from the stay to cancel the policy and recover the unearned premiums. The issue is whether the assignment of the unearned premiums is effective against a debtor in possession that asserts the rights of a judicial lien creditor under § 544(a) of the code. 11 U.S.C. § 544(a) (1982). The parties agree that if Cananwill has an unavoidable interest in the unearned premiums, relief from the stay should be granted.

Several cases hold premium financing companies' security interests in unearned premiums are automatically perfected upon entering into financing agreements. *In re Universal Motor Express, Inc.*, 72 B.R. 208, 210 (Bankr.W.D.NC 1987); *In re RBS Industries, Inc.*, 67 B.R. 946, 949 (Bankr.D. Conn.1986); *In re Air Vermont, Inc.*, 40 B.R. 335, 337 (Bankr.D.Ver.1984); *Premium Financing Specialists, Inc. v. Lindsey*, 11 B.R. 135, 138 (E.D.Ark.1981); *In re Redfeather Fast Freight Inc.*, 1 B.R. 446, 450–51 (Bankr.D.Nev.1979). These cases, however, all turn on application of state law.

 Tennessee statutes do not address perfection of Cananwill's security interest in the unearned premiums. Section 9–104(g) of the UCC expressly excludes transactions related to insurance from the operation of Article 9. Tenn.Code Ann. § 47–9–104(g) (1988 Supp.). This exclusion applies to insurance premium financing agreements. *In re Redfeather Fast Freight, Inc.*, 1 B.R. at 450. The debtor concedes that Article 9 does not apply in this case.

The Premium Finance Company Act, Tenn.Code Ann. §§ 56–37–101 to 37–115 (1988 Supp.), nowhere discusses perfection of a premium financing company's security interest in unearned premiums. Section 56–37–112 states that certain specific types of creditors do not have to file to perfect their security interest in such agreements, but this detailed list of creditors does not include premium finance companies. The section is thus inapplicable. No other section discusses perfection of security interests.

 Tennessee case law holds that an assignment of rights to payment, referred to as an assignment of a choses in action, is not effective against third party creditors of the assignor unless notice of the assignment is given to the party obligated to pay, in this case the insurance company. *See Dickenson v. Third National Bank*, 58 B.R. 257, 258 (Bankr.E.D.Tenn.1986); *Robbie's Pancake House of Florida, Inc. v. R.K. Walker*, 24 B.R. 989, 1001 (Bankr.E.D.Tenn.1982); *Kivett v. Mayes*, 49 Tenn. App. 272, 354 S.W.2d 492 (1961). The right to payment of unearned premiums is clearly a chose in action. *See* Black's Law Dictionary 219 (5th ed. 1979). The record before the court does not show whether notice of the assignment was given to the insurance company.

The movant has the burden to prove the validity of its interest in the unearned premiums. 11 U.S.C. § 362(g)(2) (1982). It has failed to meet that burden. The motion is therefore denied, but without prejudice. The movant may renew the motion and attempt to prove the validity of its interest.

IT IS THEREFORE SO ORDERED.