# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 23, 2013 Session

## MARINA CASTRO v. TX DIRECT, LLC

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-11-0023-2      Arnold B. Goldin, Chancellor**

---

**No. W2012-01494-COA-R3-CV - Filed February 25, 2013**

---

Employer terminated employee shortly after discovering she was pregnant. Thereafter, employee filed a complaint against her former employer asserting claims of sex and pregnancy discrimination, retaliation, and misrepresentation. Following a period of discovery, the trial court granted summary judgment in favor of the employer on each of the employee's claims. After thoroughly reviewing the record, we affirm in part, reverse in part, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part, Reversed in part & Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Edgar Davison, Memphis, Tennessee, for the appellant, Marina Castro.

John J. Cook and Megan L. Black, Memphis, Tennessee, for the appellee, TX Direct, LLC.

## OPINION

### I. Background and Procedural History

TX Direct, LLC ("TX Direct") is a credit card processing company located in Shelby County, Tennessee. TX Direct employs approximately thirty-six (36) employees. In October 2009, Chris Reckert ("Mr. Reckert"), the Chief Executive Officer of TX Direct, interviewed Marina Castro ("Ms. Castro"), a Hispanic woman, for a position at TX Direct. At the conclusion of the interview, Mr. Reckert hired Ms. Castro to work as a sales representative at a salary of $35,000 per year. Ms. Castro was an at-will employee.

Shortly after Ms. Castro began working at TX Direct, she discovered that she was pregnant. On or around December 18, 2009, Ms. Castro informed her supervisor, Daniel Carlton ("Mr. Carlton"), that she was pregnant. Three days later, on December 21, 2009, Carlos Hopkins ("Mr. Hopkins"), the sales manager at TX Direct, called Ms. Castro into his office for a meeting. During the meeting, Mr. Hopkins informed Ms. Castro that her salary would be reduced from $35,000 to $17,000 per year because she was not meeting her required monthly sales quota. Following the meeting, Ms. Castro sent a message to Mr. Reckert on her cell phone asking to meet with him regarding the decision to reduce her pay. On December 23, 2009, Mr. Hopkins called Ms. Castro into his office for a meeting and told her that it was unprofessional to contact Mr. Reckert about the pay reduction. Ms. Castro disagreed and insisted that she contacted Mr. Reckert because he interviewed her and he knew the terms of her employment with TX Direct. As they were discussing this matter, Mr. Reckert entered the office and sat down to discuss Ms. Castro's concerns. Mr. Reckert informed Ms. Castro that the reason for her pay reduction was her failure to meet the required monthly sales quota. After further discussion at the meeting, Mr. Reckert offered to keep Ms. Castro's salary at $35,000 through January 2010, on the condition that she make ten sales in the month of January. Ms. Castro agreed to this proposal. Subsequently, on January 7, 2010, TX Direct terminated Ms. Castro based on her inability to generate sales. TX Direct did not replace Ms. Castro with another employee.

On April 2, 2010, Ms. Castro filed a claim for discrimination with the Tennessee Human Rights Commission ("THRC"). On March 15, 2011, the THRC issued a notice of determination in which it concluded that TX Direct did not engage in any discriminatory practice and dismissed the complaint. Thereafter, on January 6, 2011, Ms. Castro filed a complaint against TX Direct in the Chancery Court of Shelby County. In her complaint, Ms. Castro alleged claims of sex and pregnancy discrimination, retaliation, hostile work environment, and misrepresentation. Following a period of discovery, TX Direct filed a motion for summary judgment as to all of Ms. Castro's claims. On May 25, 2012, after Ms. Castro filed her response to the motion, the trial court granted summary judgment in favor of TX Direct. In its order granting TX Direct's motion for summary judgment, the trial court stated as follows:

> [T]he Court finds that the following material facts are undisputed, and makes the following findings, [sic] conclusions of law, in conjunction therewith:
>
> 1. Plaintiff was hired as a sales representative for Defendant in October 2009 with a base salary of $35,000.
>
> 2. There was no employment contract between Plaintiff and Defendant.

3. Plaintiff made only three sales in three months for Defendant.

4. Plaintiff cannot establish a similarly situated non-protected employee that was treated more favorably than her to establish a prima facie case of sex or pregnancy discrimination.

5. Plaintiff was paid more than the other sales representative [sic] for Defendant.

6. Plaintiff cannot establish that she was subjected to a hostile work environment and that any alleged statements made to her were based on a protected characteristic or created a severe or abusive working environment.

7. Plaintiff did not engage in a protected activity to establish a claim of retaliation under the Tennessee Human Rights Act. She did not make a charge, file a complaint, testify, assist or participate in any matter in any investigation, proceeding or hearing.

8. Plaintiff cannot establish a claim of misrepresentation as plaintiff was an employee-at-will and was paid a salary of $35,000 for the duration of her employment with Defendant.

In light of the undisputed material facts and the conclusions of law set forth, this Court finds that Defendant's Motion for Summary Judgment is well taken and should be granted. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's claims of sex and pregnancy discrimination, retaliation, hostile work environment and misrepresentation fail as a matter of law and that Defendant's Motion for Summary Judgment is hereby granted in all respects, with the costs of this action assessed against the Plaintiff.

Thereafter, Ms. Castro timely filed a notice of appeal to this Court.

## II. Issues Presented and Standard of Review

On appeal, Ms. Castro argues that the trial court erred in granting summary judgment in favor of TX Direct on her claims of sex and pregnancy discrimination, retaliation, and misrepresentation.

A trial court's decision to grant or deny a motion for summary judgment presents a

question of law. Our review is, therefore, *de novo* with no presumption of correctness. *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010) (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). As such, "we must freshly determine whether the requirements of Tenn. R. Civ. P. 56 have been met." *Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn. 1997) (citing *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44–45 (Tenn. Ct. App. 1993)).

Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the moving party to demonstrate this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8–9 (Tenn. 2008). "It is not enough for the moving party to challenge the nonmoving party to 'put up or shutup' or even to cast doubt on a party's ability to prove an element at trial." *Id.* at 8. If the motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5 (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted).

When reviewing the record, we must determine whether factual disputes exist. "In doing so, we must consider the pleadings and the evidentiary materials in the light most favorable to the movant's opponent, and we must draw all reasonable inferences in the opponent's favor." *Hunter*, 955 S.W.2d at 51 (citing *Byrd*, 847 S.W.2d at 210–11). If we discover a disputed fact, we must "determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." *Mathews Partners, L.L.C. v. Lemme*, No. M2008–01036–COA–R3–CV, 2009 WL 3172134, at *4 (Tenn. Ct. App. Oct. 2, 2009) (citing *Byrd*, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.* The grant of summary judgment is only appropriate if "the evidence and the inferences reasonably drawn from the evidence permit reasonable persons to reach only one conclusion—that the moving party is entitled to a judgment as a matter of law." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 82 (Tenn. 2010) (citing

*Kinsler*, 320 S.W.3d at 801; *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)). When a dispute exists or there is any uncertainty regarding a material fact, however, the trial court must "overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues." *Evco Corp. v. Ross*, 528 S.W.2d 20, 25 (Tenn. 1975).

## IV. Analysis

### A. Retaliation

We begin by addressing Ms. Castro's argument that the trial court erred in granting TX Direct's motion for summary judgment regarding her claim for retaliation under the Tennessee Human Rights Act ("THRA"). The THRA prohibits retaliation against an employee who "has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter." Tenn. Code Ann. § 4-21-301(1).

> [A] claimant must prove the following four elements to prevail on a retaliation claim under the THRA:
>
> > (1) that [the plaintiff] engaged in activity protected by the THRA;
> >
> > (2) that the exercise of [the plaintiff's] protected rights was known to the defendant;
> >
> > (3) that the defendant thereafter took a materially adverse action against [the plaintiff]; and
> >
> > (4) there was a causal connection between the protected activity and the materially adverse action.

*Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 29 (Tenn. 2011) (quoting *Allen v. McPhee*, 240 S.W.3d 803, 820 (Tenn.2007)).

After reviewing the record, it is abundantly clear that Ms. Castro did not make a charge, file a written complaint, testify, assist, or participate in any manner in any investigation or proceeding under the THRA while she was employed at TX Direct. Although Ms. Castro did file a claim with the THRC on April 2, 2010, this occurred months

after her termination.  As a result, Ms. Castro cannot satisfy the first element of her retaliation claim under the THRA.  Accordingly, we affirm the trial court's grant of summary judgment in favor of TX Direct as to Ms. Castro's claim for retaliation under the THRA.[1]

## B.  Misrepresentation

Next, we must address whether the trial court erred in granting summary judgment in favor of TX Direct regarding Ms. Castro's misrepresentation claim.  As our Supreme Court explained in *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301 (Tenn. 2008):

> In order to prove a claim based on fraudulent or intentional misrepresentation, a plaintiff must show that:
>
> > 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation.
>
> *Metro. Gov't of Nashville & Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992); *see First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn. 1991); *Lopez v. Taylor*, 195 S.W.3d 627, 634 (Tenn. Ct. App. 2005).  Similarly, to succeed on a claim for negligent misrepresentation, a plaintiff must establish "that the defendant supplied information to the plaintiff; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information and the plaintiffs justifiably relied on the information."  *Williams v. Berube & Assocs.*, 26 S.W.3d 640, 645 (Tenn. Ct. App. 2000); *see Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997).

*Id.* at 311.

---

[1]We note that, for the first time on appeal, Ms. Castro asserts a claim in her brief for retaliatory discharge.  Because this issue was not raised in the trial court, we decline to address this issue for the first time on appeal. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991) ("[I]ssues not raised in the trial court cannot be raised for the first time on appeal.") (citing *Lovell v. Metropolitan Government*, 696 S.W.2d 2 (Tenn. 1985); *Lawrence v. Stanford*, 655 S.W.2d 927 (Tenn.1983)).

According to Ms. Castro, during her interview, Mr. Reckert made several misleading statements that convinced her to accept the sales representative position at TX Direct. Despite Ms. Castro's recitation in her brief of a number of statements made by Mr. Reckert, the only alleged misrepresentation she brought to the attention of the trial court in her complaint was that Mr. Reckert promised her a base yearly salary of $35,000 for the duration of her employment at TX Direct. Assuming arguendo, that this statement could be considered a misrepresentation, which we do not find,[2] the record clearly shows that Ms. Castro maintained a base yearly salary of $35,000 up until her termination on January 7, 2010. In fact, Ms. Castro conceded in her deposition that, despite discussions about a possible reduction in her pay, her salary never actually decreased while working at TX Direct. Thus, Mr. Reckert's alleged misrepresentation was not false and Ms. Castro in no way relied upon this information to her detriment. On the contrary, Mr. Reckert upheld his promise to Ms. Castro that she would receive a base yearly salary of $35,000 while working at TX Direct. Therefore, we affirm the trial court's grant of summary judgment in favor of TX Direct as to Ms. Castro's misrepresentation claim.

## C. Discrimination

Finally, we must determine whether the trial court erred in granting summary judgment in favor of TX Direct as to Ms. Castro's sex and pregnancy discrimination claims under the THRA. *See* Tenn. Code Ann. § 4-21-401.[3] In the absence of direct proof of

---

[2] As this Court emphasized in *D'Alessandro v. Lake Developers, II, LLC*, No. E2011-01487-COA-R3-CV, 2012 WL 1900543 (Tenn. Ct. App. May 25, 2012):

> "The misrepresentation must consist of a statement of a material past or present fact."[*McElroy v. Boise Cascade Corp.*, 632 S.W.2d 127, 130 (Tenn. Ct. App. 1982)] (citing *Haynes* [*v. Cumberland Builders, Inc.*, 546 S.W.2d 228, 232 (Tenn. Ct. App. 1976)]; *Cumberland Portland Cement Co. v. Reconstruction Finance Corp.*, 140 F. Supp. 739, 751 (E.D. Tenn. 1953) *aff'd* 232 F.2d 930 (6th Cir. 1956)). "Thus, statements of opinion or intention are not actionable." *Id.* (citing *Fowler v. Happy Goodman Family*, 575 S.W.2d 496 (Tenn. 1978); *Hamilton v. Galbraith*, 15 Tenn. App. 158, 166 (1932); *Cumberland*, 140 F. Supp. at 751). Similarly, "puffing or other sales talk is not actionable [,]" *id.* (citing *Sunderhaus v. Perel & Lowenstein*, 215 Tenn. 619, 388 S.W.2d 140 (1965)), and "conjecture or representations concerning future events are not actionable even though they may later prove to be false." *Id.* (citing *Young v. Cooper*, 30 Tenn. App. 55, 203 S .W.2d 376 (1947)).

*Id.* at *6.

[3] Tennessee Code Annotated section 4-21-401 provides, in part, that:

(continued...)

discrimination on the part of the employer, a plaintiff can establish a prima facie case of sex discrimination, by showing that she: 1) is a member of a protected class; 2) suffered an adverse employment action; 3) was qualified for the position at issue; and 4) was replaced by a person outside of the protected class or was treated less favorably than similarly situated employees who are not members of the protected class and who engaged in similar conduct. *Hartman v. Tennessee Bd. of Regents*, No. M2010-02084-COA-R3-CV, 2011 WL 3849848, at *7 (Tenn. Ct. App. Aug. 31, 2011) (citing *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002)). Similarly, without direct proof of discrimination, a plaintiff can establish a prima facie case of pregnancy discrimination by showing that: (1) she was pregnant; (2) she was qualified for the position, (3) she was subjected to an adverse employment action; and (4) "that there is a nexus between her pregnancy and the adverse employment action." *Spann v. Abraham*, 36 S.W.3d 452, 465 (Tenn. Ct. App. 1999) (citing *Atchley v. Nordam Group, Inc.*, 180 F.3d 1143, 1148 (10th Cir. 1999); *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998); *Boyd v. Harding Academy of Memphis, Inc.*, 88 F.3d [410,] 413 [(6th Cir. 1996)]; *Smith v. F.W. Morse & Co.*, 76 F.3d 413, 421 (1st Cir. 1996)). A plaintiff may establish the nexus between her pregnancy and the adverse employment action by demonstrating that comparable non-pregnant employees received more favorable treatment. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. [792,] 802, 93 S.Ct. [1817,] 1824 [(1973)]; *Ensley–Gaines v. Runyon*, 100 F.3d 1220, 1224 (6th Cir. 1996); *Garner v. Wal–Mart Stores, Inc.*, 807 F.2d 1536, 1538 (11th Cir. 1987)).

Because this case was disposed of on a motion for summary judgment, we must determine whether TX Direct successfully shifted the burden of production to Ms. Castro by either affirmatively negating an essential element of her claims, or by showing that she cannot prove an essential element of her claims at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8–9 (Tenn. 2008). In the proceedings below, and in the parties' briefs on appeal, the focus of the inquiry was on the fourth element of Ms. Castro's discrimination claims. Specifically, whether Ms. Castro was treated less favorably than a similarly situated employee outside of her protected class, i.e. a male or non-pregnant female employee.

As this Court explained in *Bundy v. First Tennessee Bank National Ass'n*, 266 S.W.3d 410 (Tenn. Ct. App. 2007):

In determining whether another employee is similarly situated to the plaintiff,

---

[3](...continued)
(a) It is a discriminatory practice for an employer to:
    (1) Fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin; . . . .

the comparable employee "must be similar in all of the relevant aspects" to the plaintiff. [*Hagedorn v. Veritas Software Corp.*, 129 Fed. Appx. 1000, 1003 (6th Cir. 2005)] (quoting *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir.2003)). The Sixth Circuit Court of Appeals has explained:

> . . . [T]o be deemed "similarly situated", the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.

> *Mitchell [v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)].

*Id.* at 419. On appeal, TX Direct argues that Ms. Castro was actually treated more favorably than the other sales representatives. Specifically, TX Direct points to the affidavit of Mr. Carlton who stated that Ms. Castro, despite only making three sales in three months, received a higher salary than the other sales representatives who produced higher sales. Therefore, according to TX Direct, Ms. Castro cannot identify any comparators that were treated more favorably. As a result, TX Direct contends that it successfully negated the fourth element of Ms. Castro's discrimination claims.

We disagree. TX Direct did not establish that no comparators existed that were treated more favorably. Instead, TX Direct has shown only that, based on the record before us, Ms. Castro has yet to find evidence of a similarly situated male or non-pregnant female employee. While Mr. Carlton's affidavit may be evidence to support TX Direct's position that Ms. Castro was treated as favorably or more favorably than the other sales representatives, it does not affirmatively negate an essential element of her claims. As we emphasized in *White v. Target Corp.*, No. W2010-02372-COA-R3-CV, 2012 WL 6599814, (Tenn. Ct. App. Dec. 18, 2012):

> "Under *Hannan*, as we perceive the ruling in that case, it is not enough to rely on the nonmoving party's lack of proof even where, as here, the trial court entered a scheduling order and ruled on the summary judgment motion after the deadline for discovery had passed. Under *Hannan*, we are required to assume that the nonmoving party may still, by the time of trial, somehow come up with evidence to support her claim."

*Id.* at *7 n.3. TX Direct cannot satisfy its burden at the summary judgment stage by pointing to Ms. Castro's lack of proof. Accordingly, we conclude that the trial court erred in granting summary judgment in favor of TX Direct as to Ms. Castro's sex and pregnancy discrimination claims.

## V. Conclusion

For the foregoing reasons, we affirm in part, reverse in part, and remand this matter for proceedings consistent with this Opinion. Costs of this appeal are taxed equally to the Appellant, Marina Castro, and her surety, and the Appellee, TX Direct, LLC, for all of which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE